

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 15, 2008

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EDUARDO QUEVEDO AND | § | CASE NO. 07-50132-RLJ-13 |
| EMMA RIOS QUEVEDO, | § | |
| | § | |
| DEBTORS | § | |

## MEMORANDUM OPINION AND ORDER

### Preliminary Statement

The Court considers the debtors' objections to claim 39 filed by Roundup Funding, LLC ("Roundup") and claims 66 and 67 filed by B-Real, LLC ("B-Real"). Roundup and B-Real responded to the objections; hearing on the objections was held on March 18, 2008.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This Memorandum Opinion contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

The alleged problems are the same for each of the three proofs of claim: (1) no supporting documents, (2) no itemization of interest or other charges, and (3) no assignment or other transfer instrument. The debtors assert that the three claims should be disallowed. Roundup and B-Real contend that the deficiencies in the proofs of claim do not destroy the validity of the claims and, besides, that they have cured the deficiencies with supporting affidavits that were filed with the Court.

**Facts**

Each of the claims were filed by Steven G. Kane as authorized agent for Roundup and B-Real, respectively. Each claim has attached to it an "Account Summary." The Account Summary for claim 39 states that the balance at the time of filing was $2,478.20, that Sherman Acquisition, LLC is the assignor, and that Sears is the original creditor. The Account Summary for claim 66 states that the balance at time of filing was $1,697.73, that Chase Bank USA, NA was the assignor. The Account Summary for claim 67 states that the balance at the time of filing was $1,031.87, and, like claim 66, that Chase Bank USA, NA was the assignor.

The parties stipulated that the amounts scheduled by the debtors on their bankruptcy schedules for each of the claims represented by the proofs of claim are correct. The debtors do not stipulate that the claimants, Roundup and B-Real, are the holders of the debt represented by the proofs of claim, however. The debtors scheduled a claim of Sears for $2,110, and two claims of Chase, one for $1,698 and another for $980.

After the debtors objected to the three proofs of claim, Roundup and B-Real filed so-labeled business affidavits in support of their respective claims. Each affidavit is, like the proofs of claim, signed by Steven G. Kane. The affidavit regarding claim 39 recites that Kane is the

custodian of the records of Roundup; the affidavits regarding claims 66 and 67 recite that he is the custodian of records of B-Real. Attached to the affidavit filed in support of claim 39 are additional documents that indicate that Sherman Acquisition, LLC assigned and transferred various consumer accounts to Roundup Funding, including one identified under the name of Emma Quevedo, of Lubbock, Texas. The affidavits for B-Real's claims 66 and 67 contain similar information. However, the actual documents attached to B-Real affidavits recite that the assignments are between Chase Bank USA, NA and *B-Line, LLC*, not B-Real.

With respect to each affidavit, the debtors have moved to strike the affidavits, contending that they each constitute improper hearsay and fail to qualify as an exception to the hearsay rule under Federal Rules of Evidence 803(6).

## Discussion

The debtors have asserted good faith objections to the claims. None of the claims include the required supporting documentation, an itemization of interest, or an assignment or other transfer instrument evidencing ownership of the claim by the claimant. The claims therefore lost their prima facie validity. *See generally In re White*, No. 06-50247-RLJ-13 (Bankr. N.D. Tex. January 29, 2008); *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005); *In re Rochester*, 2005 WL 3670877 (Bankr. N.D. Tex. 2005). Roundup and B-Real have attempted to cure the deficiencies by submitting the supporting affidavits. In the affidavits submitted in support of claim 39, Steven Kane states that he is the custodian of records for Roundup. He then proceeds to testify concerning the information contained in the exhibits attached to the affidavit, which reflect that Sherman Acquisition, LLC assigned consumer accounts in bulk to Roundup, including an account regarding Emma Quevedo in which Sears is the "[o]riginal [i]ssuer." Such

information would, if admissible, provide evidence of the validity of Roundup's claim in this bankruptcy case. The debtor listed Sears as a creditor; the parties have stipulated to the amount set forth in the debtor's schedules for Sears's claim; the information in the attachments to the affidavit provides evidence to link Roundup with the debtors and Sears. The problem, however, is with the affidavit. Given the deficiencies in the proof of claim and the good faith objections lodged by the debtors, the claim, as stated, lost its prima facie validity. Upon trial, Roundup had the burden of proof. The debtors' motion to strike the affidavit raised a valid hearsay objection. The affidavit simply states that documents are attached to it; it does not satisfy the requirements for the admission of the documents as business records under the hearsay exception of Rule 803(6) or to authenticate the documents as business records in accordance with Rule 902(11) of the Federal Rules of Evidence. Kane's testimony in the affidavit recites nothing more than what the documents themselves state. His testimony is inadmissible hearsay.

The affidavits submitted in support of B-Real's claims 66 and 67 are likewise inadequate. Steven Kane testifies as custodian of B-Real. He simply states that certain documents are attached and then testifies to the information represented by the documents. No attempt is made to properly authenticate the documents in accordance with Rule 902(11) or to establish that the documents are business records reflecting a regularly-conducted activity in accordance with Rule 803(6). In addition, were the Court to admit the documents attached to Kane's affidavit, the Court notes that the documents reflect that Chase Bank USA, NA has assigned a consumer account concerning Eduardo Quevedo to *B-Line*, LLC. B-Real, the claimant, is not the assignee under the documents. At trial, when questioned regarding this discrepancy, counsel for B-Real had no explanation.

## Conclusion and Order

Roundup and B-Real have each wholly failed to carry their burden. Claim 39, claim 66, and claim 67 will be disallowed.

It is, therefore,

ORDERED that the objection to claim 39 of Roundup Funding, LLC is sustained and claim 39 is disallowed; it is further

ORDERED that the objections to claims 66 and 67 of B-Real, LLC are sustained and such claims are disallowed.

### End of Memorandum Opinion and Order ###